

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
DAWUD ALI
Plaintiff Inpropria Persona Sui Juris,

       -against-

24-cv-5569

Merle, J.
Eshkenazi, M.J.

EDWARD A. CABAN, New York City Police
Commissioner is sued in his Individual Capacity,
One Police Plaza New York City, NY 10038

ROBERT LUCKMANN, Sergeant Neighbor
Coordinating Officer, is sued in his Individual
Capacity, 101 precinct 1612 Mott Ave.
Queens, NY 11691

DARNELL SIMON, Captain Executive Officer
2nd In Command is sued in his Individual Capacity,
101 precinct 1612 Mott Ave. Queens, NY 11691

TIMOTHY P. SCHULTZ, Commanding Officer,
is sued in his Individual Capacity,101 precinct 1612
Mott Ave. Queens, NY 11691

THE CITY OF NEW YORK

Defendants.
------------------------------------------------------------------X

CIVIL ACTION

COMPLAINT
First and Fourteenth
Amendments to the U.S.
Constitution, 42 U.S.C. 1983,
42 U.S.C. 1985, 42 U.S.C.
1986, 42 U.S.C. 1988

JURY TRIAL DEMANDED

Plaintiff Inpropria Persona Sui Juris Dawud Ali, complaining of Defendants alleges as

as follows:

1



## PRELIMINARY STATEMENT

1. This is a Civil Rights Complaint for Damages, under 42 U.S.C. 1983, 42 U.S.C 1985, 42 U.S.C. 1986, 42 U.S.C. 12102, 1988 and the Constitution and laws of the State of New York for the violation of Plaintiff Inpropria Persona Sui Juris Ali.

2. Criminal Defendants Caban, Luckmann, Simon, Schultz and the City of New York (Criminal Defendants Caban et al.) continue to order criminal cops from the 101st precinct located at 1612 Mott Ave. Queens, NY 11691 to Discriminate, Racially Profile, Target, Harass, Threaten Plaintiff Inpropria Persona Sui Juris Ali with Bodily Harm because Plaintiff Inpropria Persona Sui Juris Ali is a Muslim Man, and this is a form of anti-Muslim hate and discrimination. So, Plaintiff Inpropria Persona Sui Juris Ali continues to expose Systematic Organized Crime by criminal cops.from the 101st Precinct to his Queens community.

3. Criminal Defendants Caban et al. Unlawfully, Knowingly, and Willfully Combined Conspired Confederated and agreed to Discriminate against Plaintiff Inpropria Persona Sui Juris Ali. They continue to Implement Enforce, Encourage and Sanction a Policy, Practice and Custom of Unconstitutional Stops, Frisks, Harassment and Threats of Bodily Harm upon Plaintiff Inpropria Persona Sui Juris Ali, who continues to expose the Systematic Organized Crime by criminal cops from the 101st precinct to his Queens community.

## JURISDICTION AND VENUE

4. The Jurisdiction of the court is founded under 28 U.S.C. 1331, 1343, 1361, 1983 with Supplemental Jurisdiction over State Tort Claims under U.S.C. 1367 Pursuant to 28 U.S.C. §§ 2201 and 2202, and authority to grant equitable relief and monetary damages pursuant to 42 U.S.C. § 12117 and the Fourth and Fourteenth Amendments to the United States Constitution.

5. This court has subject matter jurisdiction over this action pursuant 28 U.S.C., 1331, 1343and (3) and (4) as this action seeks redress for the violation of Plaintiff Inpropria Persona Sui Juris Ali Constitutional and Civil Rights.

6. Plaintiff Inpropria Persona Sui Juris Ali has the authority to sue in this matter pursuant to 42 U.S.C. § 12188. Venue is proper because Venue is laid within the United States District court for the Eastern District of New York. The Defendant City of New York is located within the boundaries of the Eastern District of New York, and a substantial portion of the events complained of occurred within the boundaries of the Eastern District of New York.

## PARTIES

7. At all times during the incidents complained of herein, Plaintiff Inpropria Persona Sui Juris Dawud Ali is a Citizen of the U.S.A. and was at all times relevant hereto, a resident of 512 Beach 32 Street Queens, NY 11692.

8. Upon information and belief at all times during the incidents complained of herein, criminal Defendant Caban is being sued in his Individual Capacity at One Police Plaza, NYC, NY 10038.

9. Upon information and belief at all times during the incidents complained of herein criminal Defendant Luckmann, is being sued in his Individual Capacity at 101st precinct 1612 Mott Ave. Queens, NY 11691.

10. Upon information and belief at all times during the incidents complained of herein criminal Defendant Simon is being sued in his Individual Capacity at 101st precinct 1612 Mott Ave. Queens, NY 11691.

11. Upon information and belief at all times during the incidents complained of herein criminal Defendant Schultz is being sued in his Individual Capacity at the 101st precinct 1612 Mott Ave. Queens, NY 11691.

12. Criminal Defendant Caban et al. has Unlawfully, Knowingly, and Willfully Combined, Conspired Confederated and agreed to Discriminate, Racially Profile, Harass and Threaten Plaintiff Inpropria Persona Sui Juris Ali with Bodily Harm because Plaintiff Inpropria Persona Sui Juris continues to expose Systematic Organized Crime by criminal cops to his Queens Community.

13. Criminal Defendant Caban et al. have Deliberately, Calculatedly, and Intentionally violated Plaintiff Inpropria Persona Sui Juris Ali's First and Fourteenth Amendments of the United State Constitution 42 U.S.C. 1983, 42 U.S.C. 1985, 42 U.S.C. 1986 and 42 U.S.C. 12102.

## FACTUAL ALLEGATIONS

14. Plaintiff Inpropria Persona Sui Juris Ali was illegally stopped, frisked again on May 13, 2024 by criminal cops from 101st precinct located 1612 Mott Ave. Queens, NY 11691. This illegal stop and frisk was authorized, sanctioned and ordered by criminal Defendant Caban et al. without the reasonable articulate suspicion required under the Fourth Amendment.

15. Criminal cops from the 101st precinct continue engage in rampant illegal Stops, Frisks, Harassment, and Threats of Bodily Harm to Plaintiff Inpropria Persona Sui Juris Ali because he is a Muslim Man. So, Plaintiff Inpropria Persona Sui Juris Ali exposes Systematic Organized Crime by Criminal cops to his Queens community, which are Murder, Prostitution, Bribes, Payoffs, Illegal Narcotic Distribution, Informants, Gambling and Kidnapping.

16. Criminal cops from the 101st precinct in violation of the Equal Protection Clause of the Fourteenth Amendment, continue to use race, religion and national origin, not reasonable Suspicion, as the determinative factors in deciding to illegally stop and frisk Plaintiff Inpropria Persona Sui Juris Ali, which exposes the Systematic Organized Crime of the criminal cops to his Queens community.

17. The victim of such racial, religious and national origin profiling is Plaintiff Inpropria Persona Sui Juris Ali. Without reasonable articulable suspicion under the Fourth Amendment, Criminal, genetically inferior, mentally deficient caucasian cops and others from 101st precinct continue to Harass, Illegally Stop, Frisk and Threaten Bodily Harm to Plaintiff Inpropria Persona Sui Juris Ali because Plaintiff Inpropria Persona Sui Juris Ali Continues to to expose Systematic Organized Crime by criminal cops from 101st precinct to his Queens community.

18. Criminal Defendant Caban et al. continue to act with deliberate indifference to the constitutional rights of Plaintiff Inpropria Sui Juris Ali, by failing to properly screen, train, and supervise criminal cops from 101st precinct.

19. This inadequate monitoring of criminal cops from the 101st precinct illegal stops and frisks practices, and failing to sufficiently discipline criminal cops from 101st precinct who engage in Constitutional Abuses, Harassment and Threats to physically harm Plaintiff in Propria Persona Sui Juris Ali because Plaintiff Inpropria Persona Sui Juris Ali expose Systematic Organized Crime by criminal cops to his Queens community.

20. As a direct and proximate result of criminal Defendant Caban et al. policies, practices and customs, Plaintiff Inpropria Persona Sui Juris Ali was illegally stopped and frisked by criminal genetically inferior, mentally deficient caucasian criminal cops and others from 101st precinct in Queens. Criminal cops from the 101 precinct continue to protect criminals who harass and threaten Plaintiff Inpropria Persona Sui Juris Ali with bodily harm.

21. On 6/7/07 Plaintiff Inpropria Persona Sui Juris Ali was illegally arrested and brutally beaten by genetically inferior mentally deficient caucasian criminal cops and others from the 101st precinct in Queens because Plaintiff Inpropria Persona Sui Juris Ali continues to expose Systematic Organized Crime by Criminal cops from 101st precinct to his Queens community. Also, Plaintiff Inpropria Persona Sui Juris Ali was intentionally hit by a car in 2013 driven by a gang of genetically inferior mentally deficient Criminal caucasian cops. Plaintiff was seriously injured.by Criminal cops via car with this savage attack against Plaintiff Inpropria Persona Sui Juris Ali. The criminal caucasian cops from the 101st precinct were never charged for this egregious crime by car against Plaintiff Impropria Persona Sui Juris Ali

22. The charges were dismissed against Plaintiff Inpropria Persona Sui Juris Ali.on 8/24/08, so Plaintiff Inpropria Persona Sui Juris Ali filed a Federal Lawsuit Dawud Ali v. The City of New York et al., and Plaintiff Inpropria Persona Sui Juris Ali won a federal judgment against the criminal cops from 101st precinct.

23. Moreover, criminal cop's constitutional abuses have been attended by unlawful searches frisks and seizures and at times excessive force, upon an innocent citizen known as Mr. Amadou Diallo who was executed, murdered by genetically inferior mentally deficient savage beast caucasian criminal cops Sean Carroll, Richard Murphy, Edward McMellon and Kenneth Boss and others.

24. Plaintiff Inpropria Persona Sui Juris Ali believes Criminal Defendant Caban et al. are Conspirators, Schemers, Collaborators who Deliberately and Calculatedly Discriminated, Racially Profiled, and authorized, sanctioned and approved criminal cops from 101st precinct to illegally stop and frisk Plaintiff Inpropria Persona Sui Juris Ali. Plaintiff Inpropria Persona Sui Juris Ali expose Systematic Organize Crime by criminal cops from 101st precinct to his Queens community.

25. Retired Detective Francesco Vincent Serpico exposed Systematic Organize Crime by criminal genetically inferior, mentally deficient caucasian criminal cops and others during the 60's and 70's without achieving the desired effects or results to arrest and incarcerate every criminal cop in New York City.

26. Criminal Defendant Caban et al. continue to act with deliberate indifference to the Constitutional Rights of Plaintiff Inpropria persona Sui Juris Ali by failing to properly Screen, train and supervise criminal cops from 101st precinct.

27. Plaintiff Inpropria Persona Sui Juris Ali believes the Discrimination, Racial Profiling Harassment, Illegal Stops, Frisks and Threats of Bodily Harm upon Plaintiff Inpropria Persona Sui Juris Ali by criminal cops from 101st precinct were Orchestrated Deliberately, Calculatedly, and intentionally directed and aimed at Plaintiff Inpropria Persna Sui Juris Ali by criminal Defendant Caban et al.

28. Criminal Defendant Caban et al. violated Plaintiff Inpropria Person Sui Juris Ali First and Fourteenth Amendments Rights of the United State Constitution and 42 U.S.C. 1983, 42 U.S.C. 1985, 42 U.S.C. 1986, 42 U.S.C. 1988 and 42 U.S.C. 12102.

29. The settlement agreement, which was approved by United States district Judge Scheindlin for the Southern District of New York on December 12,2003, requires the criminal cops and others to maintain a written anti-racial profiling policy that complies with the U.S. and New York State Constitutions and is binding on all criminal cops and others. As of this day criminal Defendant Caban et al. refuse to adhere to the above settlement agreement.

30. Federal court denies qualified immunity and explains doctrine's fatal flaws. In his 62 page order, the Honorable District Judge Carlton W. Reeves concludes after a detailed legal analysis that the criminal cop Thomas is not entitled to qualified immunity because her actions violated clearly established law. (See Desmond Greene v. Thomas et al.)

31. Qualified immunity "has no basis in law" the court concludes. It is extra constitutional affront to other cherished values of our democracy. The court goes on, to address Mr. Green's argument that qualified immunity is itself is unlawful, setting out the historical context for doctrine's invention.

32. Louis N. Scarcella ("Scarcella") is a corrupt, mentally deficient, genetically inferior, savage beast wannabe caucasian criminal former New York City cop who intentionally and willfully framed 20 People of Color for crimes they did not commit, and the corrupt King's County District Attorney Office, who vacated the wrongful conviction cases never arrested Scarcella for causing over 400 years of wrongful prison sentences.

33. Derek Chauvin ("Chauvin"), the corrupt caucasian, genetically inferior, mentally deficient, savage beast cop murdered Mr. George Floyd Jr. on May 25th, 2020, in Minneapolis, Minnesota because of the color of his skin. The same twisted mentality that Chauvin has in Minnesota is the same mindset that corrupt caucasian cops have in New York City.

34. Corrupt caucasian genetically inferior, mentally deficient, savage beast cop Sean Grayson ("Grayson") murdered Ms. Sonya Massey, an innocent Woman of Color, on July 6th, 2024, in Sangamon County, Springfield, Illinois. She was murdered because of the color of her skin and because of Grayson's hatred of People of Color.

35. The mentality and actions of the aforementioned corrupt, genetically inferior, mentally deficient savage beast cops is the mentality of all corrupt caucasian cops in the city of New York.

### FIRST CAUSE OF ACTION VIOLATION OF PLAINTIFF INPROPRIA PERSONA SUI JURIS ALI FIRST AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION

36. Plaintiff Inpropria Persona Sui Juris Ali repeats and reiterates each and every allegation contained in paragraphs 1 through 35 in this complaint with the same force and effect as if more fully set force herein.

37. Criminal Defendant Caban et al. who Unlawfully, Knowingly, Willfully Combined, Conspired, Confederated and agreed to Discriminate, Racially Profile, and Violate the First and Fourteenth Amendment of the U.S. Constitution by denying and prohibiting the Free Exercise of Plaintiff Inpropria Persona Sui Juris Ali Privileges and Immunities and Life and Liberty.

### AS AND FOR A SECOND CAUSE OF ACTION FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

38. Plaintiff Inpropria Persona Sui Juris Ali repeats and reiterates each and every allegation contained in paragraphs 1 through 37 in this complaint with the same force and effect as if more fully set force herein.

39. Criminal Defendant Caban et al. knew or should have known that Emotional Distress would likely result from their aforesaid conduct and nevertheless engaged in such conduct.

40. Criminal Defendant Caban et al. foresaid Conduct was Extreme and Outrageous and was done Intentionally and Recklessly which Caused such Distress and Injury to Plaintiff Inpropria Persona Sui Juris Ali.

41. Said conduct caused Plaintiff Inpropria Persona Sui Juris Ali to have Severe Emotional Distress and Mental Anguish which initiated Mental and Physical Injuries which are Migraine Headaches and Depression in which Plaintiff Inpropria Persona Sui Juris Ali is Suffering until this day.

### AND AS FOR THIRD CAUSE OF ACTION UNDER 42 U.S.C.1983, 42 U.S.C. 1985, 42 U.S.C.1986, 42 U.S.C. 1988, 42 U.S.C. 12102

42. Plaintiff Inpropria Persona Sui Juris Ali repeats and reiterates each and every allegation contained in paragraphs 1 through 41 in this complaint with the same force and effect as if more fully set force herein.

43. At all times complained of herein, the criminal Defendant Caban et al. were acting under color of the statutes, ordinances, regulations, outcomes, and usages of each of and all of the acts of criminal Defendant Caban et al. were done in their individual capacity

44. The actions of criminal Defendant Caban et al. constituted Discrimination, Racial Profiling against Plaintiff Inpropria Persona Sui Juris Ali which violated Plaintiff Inpropria Persona Sui Ali.

45. First and Fourteenth Amendments to the United States Constitution by denying and prohibiting the free exercise of Plaintiff Inpropria Persona Sui Juris Ali Privileges and Immunities.

46. Plaintiff Inpropria Persona Sui Juris Ali believes that these Discriminatory Actions committed by criminal Defendant Caban et al. were Intentional, Deliberated, and Premeditated.

47. Additionally, criminal Defendant Caban et al. actions toward Plaintiff Inpropria Persona Sui Juris Ali as complained of herein were and are violations under the prohibitions of the First and Fourteenth Amendment of the U.S. Constitution, 42 U,S,C, 1983, 42 U.S.C. 1985, 42 U.S.C. 1986, 42 U.S.C. 1988, 42 U.S.C. 112102.

48. The actions of criminal Defendant Caban et al. deprived Plaintiff Inpropria Persona Sui Juris Ali of his Constitutional and Civil Rights were Willful and Malice As a result of criminal Defendant Caban et al. Reckless and Intentional Acts, Plaintiff Inpropria Persona Sui Juris Ali is entitled to Compensatory Damages and Punitive Damages.

## AS AND FOR A FOURTH CAUSE OF ACTION FOR NEGLIGENCE

49. Plaintiff Inpropria Persona Sui Juris Ali repeats and reiterates each and every allegation contained in paragraphs 1 through 48 in this complaint with the same force and effect as if more fully set force herein.

50. Criminal Defendant Caban et al. failed to take any action to curb or prevent the Wrongful Conduct of Discrimination, Racial. Profiling and the intentional violation of Plaintiff Inpropria Persona Sui Juris Ali U.S. Constitutional First and Fourteenth Amendments. Criminal Defendant Caban et al. Orchestrated and committed the Wrongful Conduct of Discrimination, Racial Profiling and the Intentional Violation of Plaintiff Inpropria Persona Sui Juris Ali U.S. Constitutional First and Fourteenth Amendment Rights.

WHEREFORE, Plaintiff Inpropria Persona Sui Juris Ali request that the court grant the following relief:

A. That the failure of criminal Defendant Caban et al. to stop their Wrongful Actions complained of herein which violated Plaintiff Inpropria Persona Sui Juris Ali First and Fourteenth Amendment Rights of the U.S. Constitution.

B. On the First Cause of Action that Plaintiff Inpropria Persona Sui Juris Ali be awarded Compensatory Damages in the amount of Three Million Dollars.

C. That on the Second Cause of Action that Plaintiff Inproperia Persona Sui Ali be awarded Compensatory Damages in the amount of Four Million Dollars.

D. That on the Third Cause of Action that Plaintiff Inproperia Persona Sui Ali be awarded Compensatory Damages in the amount of Five Million Dollars.

E. That on the Fourth Cause of Action that Plaintiff Inproperia Persona Sui Ali be awarded Compensatory Damages in the amount of Six Million Dollars.

F. That Punitive Damages be awarded against each and all of the Defendants in the amount of Thirteen Million Dollars in their individual capacities of each of the Defendants.

## JUDICIAL NOTICE

H. All officers of the United States District court Eastern District of New York are hereby placed on notice under authority of supremacy and equal protection clauses of the United States Constitution and the Common Law.

I. Authorities of Haines v. Kerner, 404 U.S. 519, Plansky v. C.I.A. 953 F. 2d 25, and Anastasof v. United States, 223 F. 3d 898 (8 th Cir. 2000) relying on Willy v. Costal Corp., 503 U.S. 843, 856 (1996).

J. Quoting Payne v. Tennessee, 501 U.S. 808, 842 (1991) (Souter J. Concurring). Trinsey v. Pagliaro, D.C. Pa. 1964, 229 F. Supp. 647, American Red Cross v. Community Blood Center

K. In re Haines: Inpropria Person Sui Juris Litigants are held to less stringent pleading standards than bar registered attorneys. Regardless of the deficiencies in their pleadings.

L. Inpropria Persona Sui Juris Litigants are entitled to the opportunity to submit evidence support of their claims. In Re Platsky: court errs if court dismisses the Inpropria Persona Juris Litigant without instruction on how to repair deficient pleadings.

M. In re Anastasoff: Litigants Constitutional Rights are violated when courts depart from precedent where parties are similarly situated. All Litigants have a Constitutional Right to have their claims adjudicated according to the rule of precedent.

N. See Anastaoff v. United States, 233 F 3d 898 (8 th Cir. 2000). Statements of counsel, in their briefs or their arguments are not sufficient for a motion to dismiss or for summary judgment Trinsey v. Pagliaro, D. C. Pa 1964, 229 F. Supp 647.

O. That attorney fees and such other and further relief as to the court is just and proper be awarded to Plaintiff Inpropria Persona Sui Juris Ali.

AUG. 8, 2024
~~June 13, 2024~~

Dawud Ali
Plaintiff Inpropria Persona Sui Juris
512 Beach 32nd St.
Queens, NY 11691

Respectfully submitted,
_____
Dawud Ali
Plaintiff Inpropria Persona Sui Juris