UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| DAWUD ALI,<br><br>       *Plaintiff,*<br><br>  – against –<br><br>EDWARD A. CABAN, *New York City Police Commissioner*, ROBERT LUCKMANN, *Sergeant Neighbor Coordinating Officer*, DARNELL SIMON, *Captain Executive Officer*, TIMOTHY P. SCHULTZ, *Commanding Officer*, THE CITY OF NEW YORK,<br><br>       *Defendants.* | **MEMORANDUM & ORDER**<br>24-cv-05569 (NCM) (LKE) |

**NATASHA C. MERLE**, United States District Judge:

This Court has received a Report and Recommendation dated February 2, 2026, from the Honorable Lara K. Eshkenazi, United States Magistrate Judge. Report and Recommendation ("R&R"), ECF No. 44. Plaintiff objected to the R&R. Pl's Resp. in Opp'n ("Obj."), ECF No. 45. Defendants responded to plaintiff's objections. Mem. in Opp'n ("Resp."), ECF No. 46. For the reasons stated below, the Court overrules plaintiff's objections and adopts the R&R in its entirety.

## BACKGROUND

In August 2024, Plaintiff Dawud Ali, proceeding *pro se*, filed the instant action against former New York City Police Commissioner Edward A. Caban, Sergeant Robert Luckmann, Captain Darnell Simon, Captain Timothy P. Schultz, and the City of New York,

1

alleging civil rights violations among other claims. *See* Compl., ECF No. 1; R&R 1–2.[1] In March 2025, plaintiff filed an amended complaint, in which the City of New York was no longer a named defendant. *See* Am. Compl., ECF No. 26; R&R 4. In June 2025, defendants moved to dismiss the amended complaint, and the undersigned referred the motion to Judge Eshkenazi for a Report and Recommendation. *See* Docket Entry dated June 23, 2025. In February 2026, Judge Eshkenazi issued an R&R recommending that plaintiff's claims be dismissed with prejudice and without leave to amend. R&R 15. Plaintiff timely objected to the R&R. *See* Obj. Defendants timely responded to plaintiff's objections. *See* Resp.

### STANDARD OF REVIEW

Under Rule 72(b)(3) of the Federal Rules of Civil Procedure, once a magistrate judge has issued a report and recommendation on a dispositive motion, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. Proc. 72(b)(3). "Objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition will not suffice to invoke *de novo* review of the magistrate judge's recommendations." *Zaki v. OTG Mgmt. LLC*, No. 23-cv-08189, 2024 WL 5198706, at *2 (E.D.N.Y. Dec. 23, 2024) (quoting *N.Y.C. Dist. Council of Carpenters v. Allied Design & Constr., LLC*, 335 F. Supp. 3d 349, 351 (E.D.N.Y. 2018)).[2] A district court reviews "[p]ortions of a report and recommendation that are not properly objected to" for any "clear error on the face of the record." *Park v. Kim*, No. 20-cv-02636, 2022 WL

---

[1]     Throughout this Order, page numbers for docket filings refer to the page numbers assigned in ECF filing headers.
[2]     Throughout this Order, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

3643966, at *2 (E.D.N.Y. Aug. 24, 2022), *aff'd*, 91 F.4th 610 (2d Cir. 2024). "General or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge, are reviewed for clear error." *Sosa v. N.Y.C. Dep't of Educ.*, 368 F. Supp. 3d 489, 494 (E.D.N.Y. 2019) (quoting *Chime v. Peak Sec. Plus, Inc.*, 137 F. Supp. 3d 183, 187 (E.D.N.Y. 2015)).

## DISCUSSION

While "objections of *pro se* litigants are generally accorded leniency and should be construed to raise the strongest arguments that they suggest[,] . . . even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate judge's R & R." *Oparaji v. Home Retention Corp.*, No. 21-cv-02758, 2023 WL 2155764, at *2 (E.D.N.Y. Feb. 22, 2023) (quoting *Howell v. Port Chester Police Station*, No. 09-cv-01651, 2010 WL 930981, at *1 (S.D.N.Y. Mar. 15, 2010)), *aff'd*, No. 24-cv-01444, 2025 WL 1901297 (2d Cir. July 10, 2025) (summary order). "In other words, even for a *pro se* litigant, generalized or conclusory objections that fail to raise new concerns will not suffice." *Id.*; *see also Hazen v. Perlman*, No. 05-cv-01262, 2008 WL 4186329, at *10 (N.D.N.Y Sept. 9, 2008) (reviewing for clear error where pro se litigant's objections did "not specifically object to any particular portion of the Report and Recommendation").

In the present case, plaintiff has submitted as objections a document that does not meaningfully engage with the R&R in any respect. *See* Obj. Rather, the Objections merely list a series of barebones, conclusory assertions that plaintiff has met the necessary conditions to be entitled to relief. *See, e.g.*, Obj. 1 ("Plaintiff['s] . . . lawsuit is truthful and factual. Plaintiff . . . has proper subject matter jurisdiction, plaintiff . . . has personal

3

jurisdiction, plaintiff . . . has proper venue."). Accordingly, the Court deems it appropriate to review the R&R for clear error.

Having reviewed the record, the Court finds no clear error. The Court therefore adopts the R&R, in its entirety, as the opinion of the Court under 28 U.S.C. § 636(b)(1).

**CONCLUSION**

For the foregoing reasons, plaintiff's amended complaint is **DISMISSED** with prejudice and without leave to amend. In light of plaintiff's letter stating that he did not receive a copy of the defendants' motion to dismiss or the defendants' response to his objections to the R&R, the Clerk of Court is respectfully directed to mail and email copies of these documents to plaintiff. The Clerk of Court is respectfully directed to enter judgment and close the case.

**SO ORDERED.**

_/s/ Natasha C. Merle_
NATASHA C. MERLE
United States District Judge

Dated:     March 17, 2026
           Brooklyn, New York